UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KATHRYN G. GARTEN
Reg. No. 57794-018,

    Petitioner,

vs.                                                      Case No. 5:22-cv-218-TKW/MAL

KEVIN D. PISTRO, Psyd.,
WARDEN, F.C.I. MARIANNA

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking early release from her sentence. Respondent filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies[1] (Doc. 10) and Petitioner filed a reply. Doc. 11. For the reasons discussed below, the undersigned concludes that the motion to dismiss should be granted and the petition should be dismissed.

### I.    Procedural History

Petitioner Kathryn Garten is a 61-year old federal prisoner who was convicted

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

of conspiracy to commit wire fraud in 2013 and is serving a 168-month term of imprisonment. *See* U.S. District Court, S. Dist. Ill., Case 3:12cr30320-NJR-1. She is incarcerated at the Federal Correctional Institution in Marianna Florida with a recently updated release date of August 26, 2024.[2]

In September of 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking early release. Doc. 1. In four grounds for relief she claims (1) she is due additional sentencing credits under the First Step Act ("FSA"); (2) she is entitled to early release under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act; (3) she is eligible for Elderly Offender Home Confinement ("EOHC"); and (4) she has been subjected to cruel and unusual punishment. *Id.* at 3-4. Her fifth "ground" mentions the FSA, CARES Act, and EOHC, but does not appear to be a separate ground for relief. *See* Doc. 1 at 5, 17-18.

Petitioner's supporting memorandum of law is similar, if not identical to, memoranda submitted by other inmates. It discusses the FSA and CARES Act and includes only brief handwritten notations about Petitioner's other two claims. *Id.* at 17-18. She admits not exhausting her administrative remedies as to Ground One, the FSA claim. *Id.* at 11. Petitioner claims, incorrectly, to have "provide[d] proof she

---

[2] In December of 2022, the undersigned reviewed the BOP's website, which reflected Petitioner's release date was August 26, 2025. *See, e.g.,* Doc. 11 at 11 (administrative remedy dated November 25, 2022, stating Petitioner's release date was August 26, 2025). It appears that Petitioner's FSA credits have been awarded.

fully exhausted the internal grievance process required by the BOP" as to Ground Two. *Id.* at 12. In addition to a sentence reduction, Petitioner seeks "money damages for irreparable harm." *Id.* at 21.

After the Court entered an order directing the Warden to respond, Petitioner filed a "Motion to Amend Pro-Se Petitioners 2241." Doc. 7. She requested an accelerated response time, claiming to have an "early elderly out date of 12/11/2022." *Id.* at 1. The Warden's response time was reduced from 90 to 60 days, with Petitioner to reply within thirty days thereafter. Doc. 9.

In lieu of filing a response, Respondent moved to dismiss the petition, asserting Petitioner failed to exhaust her administrative remedies. Doc. 10. The affidavit of Attorney Advisor Megan G. Marlow, filed in support of Respondent's motion, reflects that Petitioner began the administrative remedy process after filing the instant petition. Doc. 10-3 (with attachments 10-1 and 10-2). Petitioner filed a reply and this matter is ripe for review.

## II. Discussion

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has not waived the

defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden*, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016).  To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28

C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548

U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* Doc. 10-3 at ¶3, ¶4. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 5. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejections. *Id.* (citing 28 C.F.R. § 542.17(b)).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual

issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Petitioner did not exhaust her administrative remedies before filing the instant petition, and no futility exception applies.

### B. Petitioner has not exhausted her administrative remedies

In Ground One, Petitioner contends she has not received FSA credits to which she is entitled, and she "admits to not exhausting all of the administrative remedies." Doc. 1 at 11.

The FSA permits an eligible inmate who successfully completes certain programming to earn time credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). Inmates can earn ten days of time credits for every thirty days of successful participation and eligible inmates can earn an additional five days of time credits for every thirty days of successful participation. *Id.* In addition to Petitioner's concession, Respondent has presented uncontroverted evidence, in the form of Ms. Marlow's affidavit, that Petitioner did not exhaust her administrative remedies as to this claim, and in fact she did not begin the administrative remedy process until after filing the instant petition. Doc. 10-3 at 2-3. Furthermore, it appears the claim may now be moot due to the award of 365 days of sentencing credit.

As noted above, the FSA permits eligible inmates to earn time credits to be

applied toward time in prerelease custody or supervised release, which includes home confinement or placement at a residential reentry center. 18 U.S.C. § 3632(d)(4)(A) and (C); 18 U.S.C. § 3624(g)(2). If an inmate has a term of supervised released imposed as part of her sentence, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d) (emphasis added). Therefore, inmates are eligible to earn and apply a maximum of 365 days of FSA credit towards early transfer to supervised release. Petitioner's release date recently changed from August 26, 2025 to August 26, 2024, which suggests the application of the maximum 365 days of FSA credit.

Next, Petitioner's claim that she exhausted her administrative remedies as to her CARES Act claim in Ground Two is mistaken. Ms. Marlow specifically avers that Petitioner has not exhausted her Administrative Remedies with respect to her claim she is entitled to halfway house placement, a claim that appears to fall under either the CARES Act or EOHC. Doc. 10-3 at 2-3.

As with Petitioner's FSA claim, she did not begin the exhaustion process on this issue until after filing the instant petition. One of the remedies she filed requesting halfway house placement was denied on November 25, 2022 and Petitioner did not appeal. Doc. 10-3 at 2, ¶s 8, 9. She filed another remedy request

about this issue on November 3, 2022, and as of the date of Ms. Marlow's affidavit, had not yet received a response. *Id.* at 3, ¶s 12, 13. Petitioner does not contest these facts in her reply to the motion to dismiss and includes exhibits acknowledging these facts. Doc. 11 at 6, 13.

Finally, Petitioner has not exhausted her claim that unusual personal hardships should entitle her to release, as she appears to allege in Ground Four. The Court is sympathetic to the circumstances described in her submission. *See, e.g.*. Doc. 7 at 29-30. However, this does not provide a basis for relief or excuse the exhaustion requirement.

The Supreme Court has explained, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). This means full exhaustion is required. There are three levels to the BOP's formal administrative remedy process, and "[a]n inmate has not fully exhausted [her] administrative remedies until [she] has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). Petitioner did not properly complete all levels of the BOP's administrative remedy process as to any of her claims and therefore her petition should be dismissed for failure to exhaust.[3]

---

[3] To the extent Petitioner asserts that attempts at exhaustion would be futile, her suggestion is not well taken. Regardless of what district courts in other circuits may have held, this Court has noted "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph,* 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley*

### III.   Conclusion

Based on the foregoing, the record is clear that Petitioner did not exhaust her administrative remedies. Therefore, the motion to dismiss on this basis should be granted and her petition should be dismissed.

Accordingly, it is respectfully **RECOMMENDS** that:

1. Respondent's "Motion to Dismiss for Failure to Exhaust Administrative Remedies and for Mootness" (Doc. 7) be **GRANTED**.

2. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

3. The Clerk of Court be directed to close the file.

At Gainesville, Florida, on January 25, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

---

*v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *Id.,*(citing *McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)); *cf. Jaimes v. United States,* 168 F. App'x 356, 359 (11th Cir. 2006) (holding, in case where exhaustion was jurisdictional, that petitioner's case was properly dismissed because he did not show his case involved extraordinary circumstances and explain why administrative review would prove futile); *Higginbottom v. Carter*, 223 F. 3d 1259, 1261 (11th Cir. 2000) (holding, in the context of the PLRA "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative remedies would be futile").

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.