UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KATHRYN G. GARTEN

    Petitioner,
v.                                                                                  Case No. 5:22cv218/TKW/MAL

KEVIN D. PISTRO, Psyd., WARDEN
F.C.I. MARIANNA

    Respondent.
_____/

**O R D E R**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 12) and Petitioner's "response" (Doc. 13). The Court will treat Petitioner's response as an objection to the Report and Recommendation, and in accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court reviewed the issues raised in the objection de novo. Based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed because Petitioner failed to exhaust her administrative remedies as to each of the claims asserted in the petition.[1]

---

[1] Although it is unnecessary to consider the merits of any of Petitioner's claims based on her failure to exhaust her administrative remedies, the Court notes that the claim asserted in Ground Four of the petition ("Cruel & Unusual Punishment as Per 8th and 14th Amendment") is not a proper ground for habeas relief and should be raised, if at all, in a suit under 42 U.S.C. §1983.

The Court did not overlook Petitioner's argument that exhaustion is not required because her petition raises issues of statutory interpretation that apply to all prisoners, but the mere fact that the judicial resolution of an issue in the petitioning inmate's case may impact how the Bureau of Prisons (BOP) handles other inmates' cases does not mean that the petitioning inmate does not have to give BOP an opportunity to resolve the issue in her case before seeking judicial review. That is so because the Court can only resolve legal issues in the context of a discrete case, and unless and until BOP is given an opportunity to resolve the issue in the petitioning inmate's case, there is no ripe controversy for the Court to resolve. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (explaining in the context of a prison conditions case that the exhaustion requirement gives "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"); *Rogers v. Bennett*, 873 F.2d 1387, 1392 (11th Cir. 1989) ("One of the primary purposes in requiring plaintiffs to exhaust their administrative remedies is to assure that the courts review ripe controversies, presenting concrete injuries."); *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (concluding that inmate's challenge to BOP's credit-for-time served calculation was premature because inmate did not first exhaust his administrative remedies and "the granting of credit for time served is in the first instance an administrative, not judicial

Case No.: 5:22cv218-TKW/MAL

function" (quoting *United States v. Nyhuis*, 211 F.3d 1304, 1435 (11th Cir. 2000))).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Respondent's motion to dismiss (Doc. 10) is **GRANTED**, and this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

3. The clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 17th day of February, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

Case No.: 5:22cv218-TKW/MAL